IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE C. GARMON, #B23470, <br><br>    Plaintiff, <br><br> v. <br><br> IDOC, <br> WARDEN, *Centralia CC,* <br> WARDEN, *Shawnee CC,* <br> COUNSELOR, *Centralia CC,* <br> COUNSELOR, *Shawnee CC,* <br> RECORDS OFFICE, *Centralia CC,* <br> RECORDS OFFICE, *Shawnee CC,* <br> INMATES ISSUES, *Springfield IL,* <br> PAROLE BOARD, <br> DONALD DUNN, <br> GRIEVANCE OFFICERS, *Centralia CC,* <br> GRIEVANCE OFFICERS, *Shawnee CC,* <br> and <br> SPRINGFIELD GRIEVANCE ISSUES BOARD, <br><br>    Defendants. | Case No. 21-cv-00027-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Jesse Garmon, an inmate of the Illinois Department of Corrections who is currently incarcerated at Danville Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Garmon claims that he was not credited for time served while incarcerated and so his release date of January 22, 2019 was calculated incorrectly. He seeks monetary damages and good conduct credits.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails

to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Garmon alleges he was arrested on July 14, 2012, and was later sentenced to 6 years imprisonment and 4 year mandatory supervised release ("MSR"). (*Case citation provided* 12-CF-141). On August 18, 2015, he received a second amended sentence for 3 ½ years imprisonment with 4 years of MSR and credit for time served. After his sentence was recalculated, his projected release day was June 26, 2015, which had already passed. He was immediately released a few days later on August 21, 2015. (Doc. 16, p. 31).

After his release, Garmon was arrested again October 8, 2015. He was sentenced to 30 days in the Sangamon County Jail. Garmon went before the Parole Review Board, which included member Donald Dunn, at Centralia Correctional Center on March 2, 2016. It was determined that he violated the conditions of his MSR. He remained in custody, and his release date was wrongly calculated as January 22, 2019. Garmon claims he did not receive credit for the 2 months and 9 days served from June 16, 2015 through August 21, 2015. He alleges that he over served his sentence as calculated in case 12-CF-141 when he was incarcerated from October 8, 2015 to January 22, 2019.

## DISCUSSION

The Complaint does not survive preliminary review pursuant to Section 1915A and will be dismissed. First, Garmon lists as Defendants several entities that cannot be sued under Section 1983. IDOC, the Records Offices of Centralia and Shawnee Correctional Centers, Inmates Issues, the Parole Board, and the Springfield Grievance Issues Board are not "persons" subject to suit for

money damages under Section 1983. *Thomas v. Ill.*, 697 F. 3d 612, 613 (7th Cir. 2012) ("a state and its agencies are not suable 'persons' within the meaning of section 1983").

Second, Garmon has not asserted any allegations against the remaining individual Defendants – the Wardens, Counselors, and Grievance Officers of Centralia and Shawnee Correctional Centers, and Donald Dunn, a member of the Parole Review Board. With the exclusion of Donald Dunn, none of these Defendants are mentioned in the statement of claim. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Because Garmon does not mention the Wardens, Counselors, and Grievance Officers elsewhere in the Complaint, the claims against them are dismissed.

As for Donald Dunn, all Garmon states is that Dunn was on the Parole Review Board when the determination was made that he had violated his supervised release. He does not include any allegations regarding Dunn's involvement in his sentence recalculation. Therefore, these factual allegations are not sufficient to state a claim against Dunn. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) ("a defendant must be personally responsible for the deprivation of a constitutional right").

For these reasons, the Court finds that Garmon has failed to state a claim against any of the listed Defendants, and the Complaint is dismissed without prejudice. Garmon will be given, however, an opportunity to replead his claims in an amended complaint.

### MOTION TO AMEND

After filing the Complaint, Garmon filed a Motion for 2nd Amended Civil Rights Complaint. (Doc. 16). He asks to amend the Complaint to provide the names and professional titles of Defendants and to add exhibits.

The motion is denied. Garmon may not amend the Complaint in this type of piecemeal fashion. An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). As such, an amended complaint must stand on its own without reference to any other pleading and must include all claims against all defendants and all supporting exhibits.

### MOTION FOR SERVICE OF PROCESS AT GOVERNMENT EXPENSE

The Court recognizes that because Garmon is incarcerated he may have difficulty effectuating service within the 90 day time limit imposed by Federal Rule of Civil Procedure 4(m). Therefore, the Motion for Service of Process at Government Expense (Doc. 15) is granted. If Garmon files an amended complaint in accordance with the instructions set forth in this Order and successfully pleads a claim against a defendant, then the Court will conduct service on his behalf.

### MOTION FOR RECRUITMENT OF COUNSEL

Garmon has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 14). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Garmon does not provide any information regarding what attempts he has made to recruit

counsel before seeking assistance from the Court. He only states he "never receive[d] a response from the parties." (Doc. 14). This statement, without more details, such as names, addresses, or copies of letters, is not sufficient information for the Court to determine if he has made a reasonable effort to obtain counsel on his own. Thus, Garmon has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). Accordingly, the motion is denied. Should he choose to move for recruitment of counsel at a later date, the Court directs Garmon to include in the motion the names and address of at least three attorneys he has contacted, and if available, attach the letters from the attorneys who declined representation.

### DISPOSITION

For the reasons stated above, the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

The Motion for Recruitment of Counsel is **DENIED.** (Doc. 14). The Motion for Service of Process at Government Expense is **GRANTED.** (Doc. 15). The Motion to Amend is **DENIED.** (Doc. 16).

Garmon is **GRANTED** leave to file a "First Amended Complaint" on or before **April 18, 2022.** If Garmon fails to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Garmon use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the

case number for this action (No. 21-cv-00027-SPM). To enable him to comply with this Order, the **CLERK** is **DIRECTED** to mail Garmon a blank civil rights complaint form. The Court reminds Garmon that a successful complaint generally alleges "the who, what, when, where, and how...." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thus, the First Amended Complaint should identify who violated his constitutional rights by name, if known, or using generic designations (e.g., "John Doe"), if the name is unknown, in the case caption. Garmon should also include a description of how each Defendant violated his rights in the body of the amended complaint.

As mentioned above, an amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery*, 354 F.3d at 638 n. 1. The First Amended Complaint must stand on its own without reference to any previous pleading. Garmon must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Garmon is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 21, 2022**

       *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**