IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE C. GARMON, #B23470, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 21-0027-SPM |
| | ) |
| DONALD DUNN, JOHN R. BALDWIN, | ) |
| ROB JEFFREYS, WARDEN STOCK, | ) |
| TRACI ROLLINS, J. DENNISON, | ) |
| J. TANNER, | ) |
| JOHN DOES (IDOC and/or PRB | ) |
| employees), and | ) |
| PATTY SNEED, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Jesse C. Garmon is an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Danville Correctional Center ("Danville"). He brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights, asserting that his sentence was miscalculated, he was not credited for time served when he was reincarcerated after a parole violation, and he was not re-released on parole despite a decision by the Prisoner Review Board to re-release him. He seeks monetary damages.

Plaintiff's original Complaint (Doc. 1) was dismissed without prejudice for failure to state a claim upon which relief may be granted. (Doc. 19). His First Amended Complaint (Doc. 20) is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE FIRST AMENDED COMPLAINT

Plaintiff makes the following allegations in his First Amended Complaint (Doc. 20): He was convicted and sentenced in Fulton County, Illinois Case No. 12-CF-141, on an aggravated domestic battery charge. Defendants caused him to serve approximately two months and nine days more than he should have served, because they knowingly did not credit his time correctly. Further, Defendants failed to release Plaintiff back to parole/MSR[1] (mandatory supervised release) as ordered by Defendant Dunn of the Prisoner Review Board ("PRB"). (Doc. 20, pp. 2, 7). Plaintiff is currently incarcerated on a different offense; his sentence for Case No. 12-CF-121 has now been discharged. (Doc. 20, p. 7).

The First Amended Complaint does not disclose the length of Plaintiff's original sentence in Case No. 12-CF-141.[2] However, he states he was resentenced on August 18, 2015, to a 3-1/2 year term and this sentence reduction meant that he was entitled to immediate release. (Doc. 20, pp. 8, 23). The Second Amended Judgment-Sentence in his case gave him credit for time served from July 5, 2012 to the August 18, 2015 date of resentencing. (Doc. 20, pp. 8, 23). It also specified a MSR term of four years. (Doc. 20, p. 23) Plaintiff was returned from court to Big Muddy River Correctional Center ("BMRCC") where the records office recalculated his release date to June 26, 2015 (which had already passed). (Doc. 20, pp. 8, 24). On August 20, 2015, Plaintiff was released from BMRCC to serve his mandatory supervised release ("MSR") term. (Doc. 20, p. 8). He asserts that the time he served in prison between the recalculated release date of June 26, 2015 and the

---

[1] The terms "parole" and "MSR" are used interchangeably in the First Amended Complaint and in this Order as they relate to Plaintiff's status at the relevant times. *See People v. Lee*, 979 N.E.2d 992, 1000-01 (Ill. App. Ct. 4th Dist. 2012) (describing distinction between "parole" and "MSR").
[2] The original Complaint stated that Plaintiff's original sentence had been six years. (Doc. 1, p. 6).

2

August 20, 2015 date of his actual release gave him a "floating sentence credit" of approximately two months and nine days. He claims that under Illinois law, this credit would apply toward a future incarceration if his MSR status was revoked. (Doc. 20, pp. 8-9).

On or about October 8, 2015, Plaintiff was issued a parole violation report in Case No. 12-CF-141. (Doc. 20, pp. 9, 25-27). He pled guilty in Sangamon County to a misdemeanor disorderly conduct charge in exchange for a 30-day sentence and credit for time served. (Doc. 20, pp. 9, 28-29).

On or about March 2, 2016, the Prisoner Review Board revoked Plaintiff's parole in Case No. 12-CF-141 because of the disorderly conduct conviction, and he was ordered to serve the remainder of his four-year MSR term in prison. (Doc. 20, pp. 9, 30). Plaintiff was assigned to Centralia Correctional Center ("Centralia"). Also on or about March 2, 2016, Plaintiff met with Defendant Donald Dunn of the Prisoner Review Board, who ordered that Plaintiff should be reinstated to parole. *Id*. Plaintiff then attempted to have that order put into effect and noticed that his release date had been miscalculated by Defendant John Doe #1 (of Centralia Records Office, initials "LH") to September 14, 2017, when it had been September 14, *2016*. (Doc. 20, pp. 10-11, 31-35).

Plaintiff communicated with several Centralia officials to inquire why he had not been reinstated to MSR as ordered by Dunn, and why his release date had been extended. (Doc. 20, pp. 11, 35). He was soon informed that his release date was recalculated yet again by Defendant John Doe #2[3] to January 22, 2019, because he had been ordered to serve 85% of his sentence. (Doc. 20, pp. 11, 23, 36-38). John Doe #2 and Defendant Traci Rollins deliberately refused to apply Plaintiff's "floating" two months and nine days of credit to his new sentence calculation, despite

---

[3] Plaintiff tentatively identifies Defendant John Doe #2 as Stephanie Wagoner but has not included her among the Defendants. (Doc. 20, pp. 12, 16).

his bringing the matter to their attention. (Doc. 20, pp. 12-13, 38-40). Plaintiff complained about the sentence credit denial to Warden Stock, who turned a blind eye to the matter. (Doc. 20, p. 13).

Plaintiff was transferred to Shawnee Correctional Center ("Shawnee"), where he continued to seek sentence credit. (Doc. 20, pp. 13, 41-44). Defendants Tanner and John Doe #3 (Shawnee Records Officer) refused to apply the floating credit. *Id.* Warden Dennison received Plaintiff's emergency grievance over the issue but took no action. (Doc. 20, pp. 14-15, 43-44). Plaintiff asserts that if his two month, nine day floating credit had been applied by Defendants, he would have been released in November 2018, however, he was not released from Shawnee until January 22, 2019. (Doc. 20, p. 15). This delayed release caused Plaintiff severe psychological distress and led to his attempting suicide, which left him with permanent physical disfigurement. (Doc. 20, pp. 15, 18).

Plaintiff claims the refusal of Defendants Stock, Rollins, Dennison, and Tanner to apply the sentence credit deprived him of a liberty interest and subjected him to cruel and unusual punishment. (Doc. 20, pp. 15-16).

Defendant Dunn did not respond to Plaintiff's multiple requests for documentation of the order to reinstate him to MSR/parole, and Defendants made no effort to release Plaintiff on the reinstated parole. (Doc. 20, p. 17). Plaintiff notes that he did not incur any discipline revoking any good conduct credits during this period of his incarceration. (Doc. 20, p. 18).

Plaintiff sues Defendant Jeffreys in his official capacity only, so that he may help identify the John Doe Defendants. (Doc. 20, p. 15). He seeks compensatory and punitive damages. (Doc. 20, p. 19).

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in

4

this *pro se* action:

| | | |
|---|---|---|
| Count 1: | | Fourteenth Amendment and state law claims for deprivation of liberty without due process against Defendants Stock, Rollins, Dennison, Tanner, and John Does #1-3, for refusing to apply the two months and nine days of credit to Plaintiff's sentence in Case No. 12-CF-141. |
| Count 2: | | Eighth Amendment claim against Defendants Stock, Rollins, Dennison, Tanner, and John Does #1-3, for inflicting cruel and unusual punishment on Plaintiff by refusing to give him the two months and nine days of sentence credit in Case No. 12-CF-141. |
| Count 3: | | Fourteenth Amendment and state law claims for deprivation of liberty without due process, and/or Eighth Amendment claim, against Defendants Dunn, Stock, Rollins, Dennison, Tanner, and John Does #1-3, for refusing to release Plaintiff on parole/MSR in March 2016 in accordance with the Prisoner Review Board's (Dunn's) order. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[4]

### PRELIMINARY DISMISSALS

Plaintiff includes John R. Baldwin and Patty Sneed in the case caption as named Defendants, but he fails to include them in his list of parties (Doc. 20, pp. 4-6) and does not mention them at all in his statement of claim or describe what they allegedly did to violate his constitutional rights. (Doc. 20, pp. 7-18). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). A plaintiff is required to associate specific defendants with specific claims so these

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

5

defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under FED. R. CIV. P. 8 if it notifies the defendant of the principal events upon which the claims are based). Plaintiff has not articulated any claim against Baldwin or Sneed, therefore these Defendants will be dismissed from the action without prejudice.

### Counts 1 and 2

An inmate's allegation that he remained in prison for longer than his sentence required because of deliberate indifference on the part of prison officials states an actionable Eighth Amendment claim. *See Childress v. Walker*, 787 F.3d 438, 439 (2015) (citations omitted) ("incarcerating a person beyond the term of his sentence without penological justification violates the Eighth Amendment as cruel and unusual punishment.")); *see also Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014); *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001). Here, Plaintiff claims that he was entitled to have the "floating" sentence credit of two months and nine days, dating back to the recalculation of his release date after his August 18, 2015 resentencing, applied against the term of incarceration he was ordered to serve following his parole revocation in March 2016. The Court expresses no opinion at this juncture on whether Plaintiff was in fact entitled to the credit, but if he proves to be correct, he may be able to prevail on the Eighth Amendment claim in Count 2. Likewise, Plaintiff states a cognizable claim at this early stage for a deprivation of liberty in Count 1.

Accordingly, Counts 1 and 2 will proceed for further consideration against Defendants Stock, Rollins, Dennison, Tanner, and John Does #1-3. Of course, Plaintiff must identify the unknown/Doe Defendants before they may be notified of the lawsuit.

## Count 3

If Plaintiff is correct that Defendant Dunn and the Prisoner Review Board ordered him to be reinstated on parole/MSR in March 2016, he may have a viable claim that Defendants' refusal to release him from prison deprived him of a liberty interest in remaining free on parole. His claim of improperly prolonged incarceration may also be actionable under the Eighth Amendment, although Plaintiff did not invoke that basis in the First Amended Complaint. *See Childress*, 787 F.3d at 438-399 (analyzing claim for excessive incarceration under the Eighth Amendment as the "primary source of constitutional protection for incarcerated individuals" without the need to resort to the Due Process Clause). At this stage, Count 3 will also be allowed to proceed, against Defendants Dunn, Stock, Rollins, Dennison, Tanner, and John Does #1-3.

## OFFICIAL CAPACITY CLAIMS

Plaintiff raises claims against each Defendant in his or her individual and official capacities. (Doc. 20, p. 6). Jeffreys, the Director of the Illinois Department of Corrections ("IDOC") is properly named in his official capacity for the purpose of responding to discovery aimed at identifying the Doe Defendants. However, Plaintiff's claims for monetary damages may only be pursued against state officials in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against the other individual Defendants are dismissed without prejudice.

## JOHN/JANE DOE DEFENDANTS

Plaintiff is responsible for conducting discovery (informal or formal) aimed at identifying the unknown John Doe Centralia Records Officers #1 and #2, and the John Doe Shawnee Records Officer #3, in accordance with the discovery order that will be entered by the Court. Once the names of the unknown Defendants are discovered, Plaintiff must file a motion to substitute the

newly identified Defendants in place of the generic designations in the case caption and throughout the Complaint.

### DISPOSITION

The Complaint states colorable claims in Counts 1, 2, and 3 against Defendants Warden Stock, Traci Rollins, J. Dennison, J. Tanner, and John Does #1-3; and against Defendant Donald Dunn in Count 3. Rob Jeffreys remains as a Defendant only in his official capacity as the IDOC Director, for discovery purposes.

Defendants John R. Baldwin and Patty Sneed are **DISMISSED** from the action without prejudice.

The Clerk shall prepare for Donald Dunn, Rob Jeffreys (official capacity only), Warden Stock, Traci Rollins, J. Dennison, and J. Tanner: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 20), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 19, 2022**

> *s/ Stephen P. McGlynn*
> **STEPHEN P. McGLYNN**
> **United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.

9