IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE C. GARMON, #B23470, | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 21-cv-0027-SPM |
| | ) |
| DONALD DUNN, | ) |
| ROB JEFFREYS, | ) |
| WARDEN STOCK, | ) |
| TRACI ROLLINS, | ) |
| J. DENNISON, | ) |
| J. TANNER, | ) |
| DEBORAH ZELASKO, | ) |
| DEBBIE MAGNUS K., and | ) |
| DANIEL T. LYNN, | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Now before the Court is Plaintiff Jesse Garmon's "Motion to Amend Names of Defendants Amend to Complaint." (Doc. 34). Plaintiff invokes Federal Rule of Civil Procedure 15. In the motion, Plaintiff alleges that four individuals who are not currently parties to the action (Counselor Walker, K. Seip, Patty Sneed, and John R. Baldwin)[1] signed certain grievances relating to his claims. (Doc. 34, pp. 1-2). Plaintiff also includes allegations that Defendants Zelasko and Lynn signed grievances on particular dates. None of these allegations are included in the First Amended Complaint, which is the operative pleading. (Doc. 20). Notably, the First Amended Complaint presented allegations against three "John Doe" Defendants, which Plaintiff soon identified as Defendants Zelasko, Magnus K., and Lynn. (Doc. 27). When the Court granted substitution of

---

[1] The Court earlier dismissed Sneed and Baldwin from the action without prejudice because Plaintiff failed to include any allegations against them in the First Amended Complaint and merely included their names in the case caption. (Doc. 23, pp. 5-6).

1

those parties (Doc. 28), no other unknown ("John Doe") parties remained to be identified.

If Plaintiff desires to add new allegations against new parties (or against existing parties), he must do so through another amended complaint – the instant motion does not suffice. The Court does not accept piecemeal amendments to a Complaint. Consistent with Federal Rule of Civil Procedure 8(a), all claims against all defendants must be set forth in a single document.

Because Plaintiff's "Motion to Amend Names of Defendants Amend to Complaint" seeks to add new allegations and new defendants in a piecemeal fashion, the motion (Doc. 34) is **DENIED**.

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend a pleading once as a matter of course (without court permission) within 21 days after serving it, or, where a responsive pleading is required, within 21 days after service of the responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. In Plaintiff's case, service has not yet been accomplished on seven of the nine Defendants and no Defendant has yet served a responsive pleading or Rule 12 motion. Plaintiff therefore may submit a Second Amended Complaint within the time frame set forth in Rule 15(a)(1). If he does so, he should label his pleading "Second Amended Complaint" and include Case Number 21-cv-27-SPM in the caption. Any amended pleading will be subject to the Court's merits review pursuant to 28 U.S.C. § 1915A.

Plaintiff shall note that an amended pleading must include all the relevant allegations in support of his claims and must stand on its own, without reference to any other pleading – because it will supersede and replace the prior complaint. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). In accordance with SDIL Local Rule 15.1, Plaintiff must underline new material in the amended complaint. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint.

3

In order to assist Plaintiff in preparing an amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED:  June 15, 2022**

<u>s/  Stephen P. McGlynn</u><br>
**STEPHEN P. McGLYNN**<br>
**United States District Judge**