IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE C. GARMON, #B23470, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 21-0027-SPM |
| | ) |
| DONALD DUNN, JOHN R. BALDWIN, | ) |
| ROB JEFFREYS, | ) |
| WARDEN DAVID STOCK,[1] | ) |
| J. DENNISON, JULIE TANNER, | ) |
| PATTY SNEED, DEBORAH ZELASKO, | ) |
| DEBBIE MAGNUS, DAN LYNN, | ) |
| WALKER, K. SEIP, | ) |
| HARRY ALLARD, | ) |
| STEPHANIE WAGNER, | ) |
| and VERA ("MANDY") ROLLINS,[2] | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court for a preliminary review of Plaintiff Jesse Garmon's Second Amended Complaint (Doc. 41) pursuant to 28 U.S.C. § 1915A. Plaintiff is currently incarcerated at Danville Correctional Center ("Danville") of the Illinois Department of Corrections ("IDOC").

Upon initial review of the First Amended Complaint (Doc. 20), Plaintiff was allowed to proceed on three counts against Defendants Stock, Rollins, Dennison, Tanner, and three John Doe Defendants, related to their failure to give him approximately two months and nine days of sentence credit after a judge granted him a sentence reduction. (Doc. 23, p. 5). Count 3 also

---

[1] Four Defendants have been more specifically identified in Doc. 44 and Doc. 60: Warden David Stock, Julie Tanner, Debbie Magnus, and Dan Lynn. The Clerk will be directed to correct these parties' names accordingly.
[2] Plaintiff originally identified "Traci Rollins" as a Defendant. IDOC officials subsequently identified this individual as Vera "Mandy" Rollins (Doc. 48) and the Court substituted her as a party and ordered service. (Doc. 49).

1

included Defendant Dunn, relevant to Defendants' failure to release Plaintiff on parole as ordered by Dunn. *Id.* Defendant Jeffreys was included in the action for the purpose of responding to discovery to identify the unknown Defendants. (Doc. 23, pp. 4, 7; Doc. 37). Defendants Baldwin and Sneed were dismissed from the action without prejudice. (Doc. 23, pp. 5-6).

Plaintiff later identified the three Doe Defendants as Deborah Zelasko, Debbie Magnus, and Daniel T. Lynn, and service was ordered on these individuals. (Docs. 27, 28). Jeffreys was then dismissed as a party. (Doc. 37).

Plaintiff filed his Second Amended Complaint (Doc. 41) on July 1, 2022, naming four new Defendants (Walker, Seip, Allard, and Wagner) in connection with the original three counts.[3] The factual allegations are substantially the same as those in the First Amended Complaint (Doc. 20). The new pleading includes a complete list of the Defendants (Doc. 41, pp. 4-6), sets forth specific allegations against the newly identified Defendants (Doc. 41, pp. 10-14), and includes multiple exhibits (Doc. 41, pp. 19-72).

The Court's summary of the factual allegations underlying Plaintiff's claims was set forth in the May 19, 2022 threshold review order (Doc. 23, pp. 2-4) and need not be repeated here.

For clarity, the originally-described three claims are revised as set forth below. These three claims survive Section 1915A review *against these Defendants and in their individual capacities only*, based on the Court's earlier merits review (Doc. 23, pp. 6-7) and the allegations set forth in the Second Amended Complaint (Doc. 41):

> Count 1: Fourteenth Amendment and state law claims for deprivation of liberty without due process against Defendants Stock, Rollins, Dennison, Tanner, Zelasko, Magnus, Lynn, Walker, Seip, Allard, and Wagner, for refusing to apply the two months and nine days of credit to Plaintiff's sentence in Case No. 12-CF-141.

---

[3] On June 15, 2022, the Court determined that Plaintiff was still able to file an amended complaint as a matter of course under FED. R. CIV. P. 15(a)(1) (Doc. 35), and the Second Amended Complaint was filed within the time frame set forth in that rule.

> Count 2: Eighth Amendment claim against Defendants Stock, Rollins, Dennison, Tanner, Zelasko, Magnus, Lynn, Walker, Seip, Allard, and Wagner, for inflicting cruel and unusual punishment on Plaintiff by refusing to give him the two months and nine days of sentence credit in Case No. 12-CF-141.
>
> Count 3: Fourteenth Amendment and state law claims for deprivation of liberty without due process, and/or Eighth Amendment claim, against Defendants Dunn, Stock, Rollins, Dennison, Tanner, Zelasko, Magnus, Lynn, Walker, Seip, Allard, and Wagner, for refusing to release Plaintiff on parole/MSR in March 2016 in accordance with the Prisoner Review Board's (Dunn's) order.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[4]

### ADDITIONAL DISMISSALS

Plaintiff again included John R. Baldwin and Patty Sneed as Defendants in the Second Amended Complaint (Doc. 41, pp. 1, 6). However, his only allegation against them is that Sneed, of the Administrative Review Board, and Baldwin, as Acting IDOC Director, denied Plaintiff's Grievance Number 2018-10-04 on November 1, 2018.[5] This final action on the grievance is relevant to the requirement that a prisoner's administrative remedies be exhausted prior to filing suit. But a routine approval of the disposition of a prisoner grievance, without more, does not constitute "personal involvement" in the subject of the grievance sufficient to support a constitutional claim. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").
[5] Plaintiff does not include a copy of the document showing the ARB's and Director's review, but attached the institutional response to Grievance Number 2018-10-04 at Doc. 41, p. 72).

conduct states no claim"); *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008). Accordingly, Defendants Baldwin and Sneed will again be dismissed from the action without prejudice.

Plaintiff included Rob Jeffreys among the list of Defendants, noting that he had been dismissed from the action on June 22, 2022. (Doc. 41, p. 4; Doc. 37). It appears that the Clerk reinstated Jeffreys as a Defendant based on that mention. However, the Second Amended Complaint does not include any factual allegations against Jeffreys, nor does it appear that Plaintiff intended to pursue a claim against him. Jeffreys will also be dismissed from the action without prejudice.

### DISPOSITION

The Second Amended Complaint (Doc. 41) states colorable claims in Counts 1, 2, and 3 against Defendants Warden David Stock, J. Dennison, Julie Tanner, Deborah Zelasko, Debbie Magnus, Dan Lynn, Walker, K. Seip, Harry Allard, Stephanie Wagner, and Vera "Mandy" Rollins; and against Defendant Donald Dunn in Count 3.

Defendants John R. Baldwin, Patty Sneed, and Rob Jeffreys are **DISMISSED** from the action without prejudice.

The Clerk shall prepare for Walker, K. Seip, Harry Allard, and Stephanie Wagner:[6] (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 41), the Memorandum and Order of May 19, 2022 (Doc. 23), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the

---

[6] Service was previously ordered on the other remaining Defendants.

Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order and the earlier Merit Review Order at Doc. 23**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to correct the Defendants' names as set forth in Footnote 1 above.

**IT IS SO ORDERED.**

**DATED:  September 1, 2022**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**