IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE C. GARMON, #B23470, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 21-cv-0027-SPM |
| ) | |
| DONALD DUNN, ) | |
| WARDEN DAVID STOCK, ) | |
| J. DENNISON, JULIE TANNER, ) | |
| DEBORAH ZELASKO, ) | |
| DEBBIE MAGNUS, DANIEL T. LYNN, ) | |
| SUSAN WALKER,[1] ) | |
| KENDRA SEIP, ) | |
| HARRY ALLARD, ) | |
| STEPHANIE WAGNER, and ) | |
| VERA ROLLINS, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court on three pending motions: (1) Plaintiff's Motion for Default Judgment as to Defendants Dennison and Zelasco (Doc. 95); (2) the Motion to Set Aside Clerk's Entry of Default filed by Defendants Dennison and Zelasco (Doc. 103); and (3) the Motion for Leave to File Answer by Dennison and Zelasco (Doc. 104).

On December 7, 2022, the Clerk of Court entered default against Dennison and Zelasco after their deadlines to answer the Complaint expired with no response filed. (Docs. 89, 90). Plaintiff filed his Motion for Default Judgment (Doc. 95) at the direction of the Court.

---

[1] The recent Motion for Extension of Time reveals that Defendant Walker's full name is "Susan Walker." (Doc. 98). The Clerk will be directed to correct Walker's name accordingly.

1

"A party seeking to vacate an entry of default prior to the entry of judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (citations omitted); Fed. R. Civ. P. 55(c). The standard for setting aside an entry of default is the same as that for setting aside a default judgment, but is applied more liberally. *Cracco*, 559 F.3d at 631.

According to Defendants' motion, Defendant Dennison has not worked for the Illinois Department of Corrections ("IDOC") since December 2020. He mistakenly believed he would automatically be assigned counsel and would be contacted by the IDOC's legal office or by the Office of Attorney General, after he returned his executed waiver of service in this case. (Doc. 103, pp. 1, 3). After the entry of default, the Office of the Attorney General instructed him that he must request representation and he did so. (Doc. 100; Doc. 103, p. 3). Dennison asserts that he has a meritorious defense. (Doc. 103, p. 4).

Defendant Zelasco made a timely request for representation to the legal department at Centralia Correctional Center, but due to an error at that facility, her request was not received by the Office of Attorney General until December 19, 2022. (Doc. 103, pp. 4-5). Zelasco was not at fault for the failure to answer.

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Defendants Dennison and Zelasco have met the requirements of Rule 55(c). The Motion to Set Aside Clerk's Entry of Default (Doc. 103) is **GRANTED**. Plaintiff's Motion for Default Judgment as to Defendants Dennison and Zelasco (Doc. 95) is **DENIED**. The entry of default (Doc. 90) is **VACATED**. The Motion for Leave to File Answer by Dennison and Zelasco (Doc. 104) is **GRANTED**, and their responsive pleading is now due no later than **January 20, 2023**.

The Clerk is **DIRECTED** to correct Defendant Susan Walker's name in accordance with Footnote 1 above.

**IT IS SO ORDERED.**

**DATED: December 27, 2022**

*s/  Stephen P. McGlynn*  
**STEPHEN P. McGLYNN**  
**United States District Judge**